NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 24 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HECTOR EFRAIN RUIZ PENA,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney<br>General,<br><br>Respondent. | No. 23-2530<br>Agency No.<br>A205-971-913<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 22, 2024[**]
San Francisco, California

Before: OWENS, SUNG, and SANCHEZ, Circuit Judges.

Hector Efrain Ruiz Pena, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order affirming the Immigration

Judge's ("IJ") decision denying his applications for asylum, withholding of

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. For the reasons stated below, we deny the petition.

Where the BIA cites *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), in its decision and does not disagree with the IJ's decision, this court reviews the IJ's order as if it were the BIA's. *Alam v. Garland*, 11 F.4th 1133, 1135 (9th Cir. 2021). We review legal questions *de novo* and factual findings for substantial evidence. *Manzano v. Garland*, 104 F.4th 1202, 1206 (9th Cir. 2024). Under the substantial evidence standard, we uphold the agency's findings "as conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Salguero Sosa v. Garland*, 55 F.4th 1213, 1218 (9th Cir. 2022) (quoting *Nasrallah v. Barr*, 590 U.S. 573, 584 (2020)). "We review the denial of CAT relief for substantial evidence." *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 703 (9th Cir. 2022).

1. As a threshold matter, we have jurisdiction to review the BIA's determination that Ruiz Pena's asylum application was untimely. Under 8 U.S.C. § 1158(a)(3) and § 1252(a)(2)(D), we can review whether the BIA erred in deciding that undisputed facts do not constitute exceptions to the one-year filing deadline. *Alquijay v. Garland*, 40 F.4th 1099, 1102 (9th Cir. 2022). Here, the IJ made its timeliness determination based on undisputed facts.

Undisputed facts show that Ruiz Pena cannot claim an exception to the one-year filing deadline based on membership in the *Mendez Rojas* class. *See Mendez Rojas v. Johnson*, 305 F. Supp. 3d 1176, 1188 (W.D. Wash. 2018). To qualify as a *Mendez Rojas* class member, a noncitizen must establish, among other requirements, that he was encountered by the U.S. Department of Homeland Securities ("DHS") "upon arrival or within 14 days of unlawful entry."[1] Ruiz Pena entered the United States lawfully on a visitor visa in April 2016 and had not made any other entry. He was not encountered by DHS until a criminal arrest in February 2017. Because he was not encountered by DHS upon arrival or within 14 days of unlawful entry, he is not a *Mendez Rojas* class member.

2. Substantial evidence supports the conclusion that Ruiz Pena did not suffer past persecution to be eligible for withholding of removal. Persecution "is an extreme concept that means something considerably more than . . . harassment." *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021) (quoting *Donchev v. Mukasey*, 553 F.3d 1206, 1213 (9th Cir. 2009)). While working as a correctional officer in Mexico, Ruiz Pena was approached by a high-profile drug cartel member, Carlos Ernesto Muñoz Morales, who asked him to smuggle drugs and alcohol into the prison. When Ruiz Pena refused, Morales threatened him with a

---

[1] *See* Executive Office for Immigration Review, Policy Memorandum, PM 21-01, "Guidelines for the Implementation of the Settlement Agreement in *Mendez Rojas v. Wolf*" (Nov. 5, 2020), https://www.justice.gov/eoir/page/file/1334796/dl?inline.

sharp weapon. Ruiz Pena recounted two other events he believed Morales had orchestrated, where a car attempted to run him off the road while he was driving, and state police unsuccessfully tried to arrest him at work. These events appear to be isolated incidents instead of an ongoing pattern of serious harm. Record evidence does not show that Ruiz Pena suffered any physical violence, economic deprivation, or detention. Although he testified that Morales knew the names of his family members, there is no evidence that his close friends or family were threatened or harmed. Based on a totality of circumstances, the BIA did not err in concluding that Ruiz Pena had not suffered persecution. *Id.* at 1061.

Substantial evidence also supports the conclusion that Ruiz Pena failed to establish a clear probability of future persecution upon return to Mexico. Ruiz Pena has not received any additional threats or harm since the recounted incidents. The record does not indicate that anyone has been looking for him or has any interest in harming him. The BIA did not err in denying Ruiz Pena's claim for withholding of removal.[2]

3. Finally, substantial evidence supports the BIA's denial of Ruiz Pena's

---

[2] The BIA also concluded that Ruiz Pena's proposed particular social group— "former correctional officers who were solicited to do criminal acts by cartel members"—was not sufficiently particular or socially distinct, and Ruiz Pena failed to establish nexus between membership in the group and the harm suffered. Because we deny Ruiz Pena's petition on other grounds, we do not address these conclusions.

claim for CAT protection. A CAT petitioner must show that it is "more likely than not he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). Ruiz Pena failed to establish a clear possibility that he, "in particular," would suffer torture upon return to Mexico. *See Tzompantzi-Salazar*, 32 F.4th at 706. Country conditions evidence of gang violence and Morales's involvement in killings do not compel a contrary conclusion. *See Dawson v. Garland*, 998 F.3d 876, 885 (9th Cir. 2021).

**PETITION DENIED.**